## EDEN POINT NORTH CONDOMINIUM
## ASSN. v. SOCKOLOF
### No. 82-155 AP
Eleventh Judicial Circuit, Dade County, Appellate Division
June 17, 1983

Steven R. Dobrofsky, Leff, Pesetsky & Zack, for appellant.

Joseph Pardo, for appellee.

Before RIVKIND, NADLER, BARAD, J.J.

BARAD, J.

---

The Appellant/Landlord, Eden Point North Condominium Association, a non-profit condominium corporation filed an action for removal of Appellee/Tenant from real property in Dade County, Florida as authorized by Florida Statute Section 83.59. Appellant alleged that the rental agreement has expired by default in payment of rent. The Appellee, however, contends that the amount of $643.00 demanded in the complaint and labelled rent was brought as a result of expenses incurred by the Landlord to correct violations of the demised premises which were built initially in violation of the South Florida Building Code. The total amount expended to correct the violations amounted to $4,500.00, which was to be paid ratably by the seven holders of the leases of a boat dock owned by the Association. The Appellee further contends that pursuant to the terms and conditions of the lease, it is the Landlord's obligation to make improvements which had to do with the initial obligation of the Landlord to comply with the governmental regulations of the leased premises. In essence the Appellee contends that the costs incurred in eliminating the violations could not be considered as rent under the terms of the dock lease, but rather an attempt by the Landlord to impose its own obligation on the Leasees.

During the trial it was determined that Sally Sockolof was not a signatory to the Lease and was therefore dropped as a party Defendant.

Prior to the execution of the lease agreement the leased premises were equipped with electrical outlets commonly referred to as multiple purpose outlets. These outlets were designed to provide power for small, hand operated tools and lighting, but were not designed to provide electrical current for boats. Nevertheless, the Appellee, according to uncontradicted testimony, "hooked up" his boat to the existing outlets in order to obtain the electrical current needed to run his refrigerator and charger. The inspector in behalf of the City of North Miami Beach mailed a Notice of Violation to all parties concerned. The Appellee responded with a letter advising that he will "continue to illegally use the outlets." The parties to this action are all in agreement that the use of the outlets by the Appellee was a violation of the applicable Building Code.

In order to determine the obligations imposed upon the parties by the dock lease, a careful examination will reveal that the Tenant, leased the

boat dock subject to the terms of the Boat Lease and the Community Facilities Lease.

The applicable provisions which are quoted below:

The Community Facilities Lease Section C (2): *Docks*

> "The Tenant may sublet docks and appurtenant boating facilities to the owners in Eden Point North on an individual basis for such terms as it shall deem appropriate and impose such charges and rent for their use as may be necessary to pay all costs incident thereto, including reasonable charges for depreciation and obsolescence. *It is the intention of the parties that the users of said facilities shall bear the whole cost thereof insofar as may be possible and practicable."* (emphasis added)

Section 4 (b) of the Community Facilities Lease: *Use of Premises*
> "*Use of the premises shall be subject to all laws, statutes, ordinances, rules and regulations of all appropriate governmental authority and/or agencies* and the rules and regulations of the National Board of Fire Underwriters or in the event it shall terminate its present functions, then any other body exercising similar functions. All users shall likewise comply with the requirements of all policies of insurance in force with respect to the demised premises." (emphasis added)

Section 5 (b) of the Dock Lease: *Rent*
> "The amount of rent due thereafter shall be determined by the Board of Directors of Eden Point North Condominium, Inc. or its successor, annually, in advance for each year commencing October 1. *The total annual rent shall be equal to the total estimated expenses, including reserves for depreciation and obsolescence, for the operation and maintenance of docks and appurtenant boat facilities, in accordance with the budgetary procedure of the Landlord, which annual budgeted sums shall be ratably apportioned among all tenants under Dock Leases and shall be paid in equal monthly installments.* (emphasis added)

Section 5 (c) of the Dock Lease:
> "In addition to the rent above provided, the Landlord may make special assessments to cover the costs of alterations, replacements and the items enumerated in Section 6, below, to the extent that such terms were not budgeted by the Landlord and are not included in the rental paid pursuant to Section 5 (b), above."

The Court entered judgment in favor of Tenant and assessed attorney's fees as prayed for by the Appellee.

A careful examination of the record reveals that the Landlord fully complied with Florida Statute Section 83.20 (2) which in essence provides that any nonresidential Tenant may be removed from the premises it occupied in the statutorily specified manner where said Tenant is in Default in rent and the Landlord has given the three (3) days notice requiring the payment of rent or possession of the premises.

It is our opinion that the Landlord's demand for the Tenant's pro rata share in the amount of $643.00 in correcting the dock facilities in order to comply with the government regulations was duly assessed rent as provided in Section 5 (b) of the Dock Lease, which reads as follows:

> *"The total annual rent . . . shall be ratably apportioned among all tenants under Dock Leases and shall be paid in equal monthly installments."* (emphasis added)

In light of the above we affirm the trial court's decision in denying the Landlord's demand for eviction and reverse the award for attorney fees awarded to Tenant's attorney.

Had the Landlord/Appellant demanded that $643.00 be paid in equal monthly installments as provided in the Dock Lease he would have prevailed in his attempt to evict.

Affirmed in part—Reversed in part.

NADLER, J. concurs.

RIVKIND, J., concurring in part and dissenting in part.

RIVKIND, J.

I concur with the majority that the obligation is the Tenants. I disagree that the obligation is controlled by Section 5 (b) which refers to "annual budgeted sums". According to the record, the obligation was not considered or provided for in the annual budget. It was clearly a special assessment controlled by Section 5 (c) of the Dock Lease and should be treated accordingly.